IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CRAIG A. CHILDRESS              )
            Plaintiff,          ) CASE NUMBER __13-3074_____
vs.                             )
                                ) JUDGE _____
FORREST J. ASHBY                )
JAMES CHRISTOPHER CLAYTON       )
SANDRA SIMPSON                  )
PAUL MANN                       ) "_JURY DEMAND_"
                                )
            Defendants,         )
                                )
                                )
                                )
                                )
                                )
                                )
                                )
                                )

BEFORE ME THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY
APPEARED CRAIG A. CHILDRESS, WHO AFTER BEING DULY SWORN, ON OATH
DEPOSES AND STATES AS FOLLOWS:

THIS IS A TRUE AND CORRECT STATEMENT WHICH DID OCCUR, AND I AM
WILLING TO TESTIFY IN THIS HONORABLE U.S. DISTRICT COURT UNDER
THE PENALTY OF PERJURY TO ALL THE FACTS CONTAINED HEREIN.

_____
Craig A. Childress
1680 East County Farm Road
NOTARY                          Rushville, Illinois 62681
                                (217) 322-3204

SUBSCRIBED AND SWORN TO BEFORE ME
ON THIS _14_ DAY OF _March_ 2013

_Sandra Hays_____
     NOTARY PUBLIC

OFFICIAL SEAL
SANDRA J HAYS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/11/14

1.

JURISDICTION :

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 et.seq: 42 U.S.C. 1987; and 42 U.S.C. 1985; The judicial code, 28 U.S.C. 1331 and 1343 (a); and supplementary jurisdiction, pursuant to 28 U.S.C. 1367 (a).

2. This Court has authority pursuant to 28 U.S.C. 2201 and 2202 to provide appropriate declatory relief as to matters within its jurisdiction and has authority under 42 U.S.C. 1988 to award Attorney fees and cost to successful civil rights plaintiffs.

VENUE :

3. Pursuant to 28 U.S.C. section 1391 (a)(1)and 29 U.S.C. Section 1132 (e) (2), Venue is proper in the Central District of Illinois, as this is where the Constitutional breach occurred,and the Defendants are located in this District as well.

PARTIES :

4. The Plaintiff Craig A. Childress, was at all relevant times of this complaint a citizen of the United States of America, and as such is guarenteed all the rights,privelledges,and immunities as guarenteed by the United States Constitutional Ammendments, safegards and protections. Plaintiff has thouroughly exhausted his administrative remedies.

5. Defendant Forrest J. Ashby was at all relevant times of this complaint the acting Program Director of the Rushville Treatment and Detention Facility, and as such was fully responsible to insure that both he and his staff followed all state and federal laws, as well as keeping and maintaining proper professional judgement in the course and scope of his duties. This Defendant engaged in the conduct complained of herein while in the course and scope of said duties " under color of law ", and is sued in his individiual capacity.

6. Defendant James Christopher Clayton, was at all times relevant to this complaint The Internal Security Investigator 1, and as such, was responsible for investigative work for the director of a department, board or commission: compiling and gathering relevant facts pertaining to cases under investigation; conducting inquiries and investigations of instances of conflicts of interest or malfeasance of employees within the agency. This Defendant was at all times relevant to this complaint acting in the course and scope of his duties as an employ of the State of Illinois " under color of law " when committing the acts complained of herein, and is sued in his individiual capacity.

7. Defendant Sandra Simpson was at all relevant times to this complaint the grievance officer/contractual employ of the State of Illinois, and as such was responsible to comply with all State and Federal Laws, as well as conducting herself with an air of professional judgement. This Defendant engaged in the course and scope of her employment under " color of law ", and as such is sued in her individiual capacity.

8. Defendant Paul Mann was at all relevant times to this complaint a DHS employ, and as such was fully responsible to adhere to all State and Federal Laws, as well as keeping and maintaining a manner of professional judgement while preforming his duties. Further this defendant was actively employeed by the State of Illinois while acting in the course and scope of his duties " under color of law ", and is sued in his individiual capacity.

FACTS :

9. In 1996 I was severely injured by law enforcement officials after being bound in chains, thrown down a flight of stairs in shackles and handcuffs, severely beaten and deprived of medical attention for sometime afterwards.

10. As a result of the injuries that were inflicted upon me, I am a medically diagnosed spinal-cord injuried paraplegic with a flacid neurogenic bladder dependant upon internal catheterization and the use of a wheelchair.

11. My medical needs have often been the source of contention since my arrival at the IDHS/TDF and are the origin and foundation of this complaint, and are connected to me striving to obtain my most basic of human needs.

12. Being able to eliminate my bodily waste, and meeting my most basic neurological needs regarding my bladder and bowels.

13. Not being subjected to the substantial risk of imminent personal injury and/or serious irreparable harm.

14. To not be punished, threatened, intimidated, and retaliated against because I need to go to the bathroom, and don't want to get hurt.

15. And finally, to not have those basic rights taken away by corrupt State Official being allowed to manipulate the Illinois State protective safegards designed to prevent such things while acting in the course and scope of their employment and under color of law.

16. Plaintiff, his friends, family, loved ones, and various support members, have all sought to find a meaningful solution to the afforementioned by attempting resolve before seeking out judiciary assistance.

4.

17. However, due to the growing animosity created by complaining to external state agencies as a result of our inability to resolve these matters on an internal level I began suffering grave hardship within the Institution, and the " alledged " protective measures are simply absent and non-existant as a result thereof.

18. Defendant Clayton is and has been personally involved, as well as actually participating via acts of personal intimidation, as well as directly mis-using his position to bully, intimidate, and threaten the plaintiff for seeking the help and assistance of State Agencies designated to address such matters.

19. Defendant Clayton has participated and played a hands on role in these matters dating back over a period of months, starting with the first complaint being filed after I was threatened by a Senior member on 6/20/2012 shortly after 9:30am.

20. On 6/21/2012 I was called to the then Acting Security Directors office, Staff Dev Spec Tarry Williams, also present was Defendant Clayton.

21. I was spoken to very harshly about my complaints, and those filed on my behalf by others, afterwards I was warned and instructed to deal with things internally.

22. Neither were interested in hearing about my being threatened in the Shift Commanders Office the previous day by Senior Staff. They were angry that I and others had complained about it, and they assurred me there would be reprisals.

23. Once outside the office and out of ear shot of Tarry Williams Defendant Clayton continued his intimidation. I said, " I can't help it that I have people who care about me so much. Defendant Clayton mumbled that no sex offender should be loved so much.

24. On 7/13/2012 DHS Employee Robert Kelly I.D. No #307 informed me that I was wanted in operations. Unknown to myself, I was being called by Defendant Clayton, the very same person that had previously threatened me on 6/21/2012.

5.

25. Defendant Clayton "alledgedly" called me down in connection with an E-Mail sent from an outside source on my behalf, and warned me about using external procedures yet once again. Defendant Clayton became threatening in his tone and began exhibiting physiological indicators of aggression.

26. At that point I told Defendant Clayton that I was uncomfortable and did not want to be alone with him, and that I was afraid of him. Defendant Clayton then called the Director (per his own self report), and stated over the phone that I did not want to speak with him, and he sent me back.

27. Upon returning to my assigned living unit on B-1, I told both
Robert Kelly     I.D. #307
Daniel Spencer   I.D. #228
To please document this sitiuation. I also told both of these employees that I would like to speak to the Shift Commander about the sitiuation, and I told both Robert Kelly and Daniel Spencer that I was afraid of Clayton, and I did not want to be alone with him.

28. I explained my fears, how I got injuried, and that I was not comfortable being alone with Clayton as a result of the encounter I just had, as well as the previous encounter on 6/21/2012 in front of Tarry Williams office.

29. All of these events and encounters are directly tied to my exercizing my right to correspond with State Agencies, watch dog groups, and whistle blower protective agencies in violation of my First and Fourteenth Ammendment Constitutional Rights.

30. This was the history and pervasive pattern of abuse of Defendant Clayton leading to the additional conduct complained of herein beginning on December 9Th, 2012.

31. As mentioned previously, due to my medical condition I have a flacid neurogenic bladder. As a result, I have a physicians order to recieve a daily allotment of 6-14F Strait Catheters to care for my self-catheterizing needs. These catheters are provided to me each morning. At times especially on the weekends, times sometimes vary in there consistancy.

32. On 12/9/2012 at approximatley 8:25am, I approached the B-1 controll center and ask DHS Employee Paul Mann I.D. #257 to contact the Healthcare unit so I could go down and pick up my catheters, as I was in severe need of emptying the excessive ammount of urine from my bladder, as I was already experiencing bladder spasms.

33. Defendant Mann responded to my request in an unprofessional sarcastic manner.

34. In an attempt to get the help I needed I further explained my specific medical needs, and that as a result I was encountering and declaring a medical emergency.

35. Defendant Mann then verbally threatened to use his influence as an employ to have me moved to a Non-ADA enviroment with MRSA for complaining.

36. After getting my supplies from the Healthcare, I encountered DHS Employee Loenard I.D. #126 in the hallway and ask her to inform the Shift Commander that I had been threatened by a staff member. Employ Loenard ask me what staff had threatened me, and I told her that it was Paul Mann I.D. #257. Employee Loenard said she would inform her Sergent.

37. No one ever bothered to come talk to me about the sitiuation.

38. On 12/9/2012, and 12/12/2012 I filed an emergency grievance in the afforementioned matter. After not hearing anything, I sent a notarized Request slip with proof of service to Defendant Forrest J. Ashby.

7.

40. In addition to my Emergency Grievances sent to Defendant Ashby, There were E-Mails sent to him in regards of this matter as well.

41. It was brought to my attention by others that Defendant Mann had been overheard making derogatory, degrading, and threatening remarks about me to his fellow employees. Stating that I was " A FUCKING CRIPPLED GIMP, AND THAT HE WAS GOING TO HOOK ME UP", and he did.

42. Still not hearing anything, I wrote to Deputy Director Anderson Freeman, Department of Human Services, seeking his assistance.

43. On 12/18/2012 I was called to the shift commanders office. I told Defendant Simpson I was afraid for my safety and did not want Defendant Mann around me. This Defendant refused to process my complaint. This Defendant made it clear that no matter what... she would not process any complaint filed against a staff member.

44. I filed an appeal, but the Administration simply discarded my filing, and refused to address these matters.

45. Apparrently they simply threw it in the trash, at least thats what I was told.

46. Mean while I'm being harrassed by Defendant Mann, and in spite of my complaints he's being intentionally assigned in my living unit more and more frequently.

47. Again, the very foundation of this complaint are connected to me simply striving to obtain my most basic human needs. I just wanted to go to the bathroom and not get hurt.

48. I just want to be able to eliminate my bodily waste, and meet my most basic neurological needs regarding my bladder and bowels.

49. Not be subjected to the substantial risk of irreparable harm.

50. To not be punished, threatened, intimidated, and retaliated against because I need to go to the bathroom.

51. Be allowed the oppertunity to petition, protest, and seek legal redress in my efforts to find a healthy solution to the injustice that I am suffering.

52. And finally, to not have those basic rights taken away by State Officials being allowed to manipulate the Illinois State protective safegards designed to prevent such things while acting in the course and scope of there employment while acting **under color of law.**

53. Sadly, I am not and have not been afforded these most basic rights.

54. The Office of the Executive Inspector General for the Agencies of the Illinois Governor (O.E.I.G) is a "Whistle Blower" protective agency designed and provided for in the State Officials and Employees Ethics Act (5 ILCS 430/5-15) that prohibits retaliation against those filing complaints.

55. However, due to Defendant Claytons personal connections and former affilliation with the O.E.I.G. Its allowed Defendant Clayton to render the protections and safegards of this "Whistle Blower" agency completely meaningless.

56. The complaints that have been filed in and on my behalf by both myself and others have been filed in good faith. Each and every one of them, and sadly up till this point the complaints have not been handled in accordance with the law at all.

57. Instead, the very State Official responsible for committing an alledgedly investigating these matters are personally involved in the actual conduct being complained of.

58. Defendant Clayton is and has been personally involved, as well as actually participating via acts of personal intimidation, and directly circumventing and interfering with O.E.I.G. Investigative processes on numerous occassions.

9.

59. In Defendant Claytons own words : " He's got all this sewed up and nobodies getting past him !

60. There have been numerous complaints filed documenting the actions and personal deprivations of each of the Defendants.

61. On 1/4/2013 I was trapped behind an electronic door at approximatley 1:32pm. Clayton sought to intimidate me in regard of the O.E.I.G. Complaints, and sworn affidavits filed against State Employess participating in unethical and abusive behaviors.

62. I repeatedly said that I was afraid of him and very uncomfortable due to being previously threatened by him when he called me down to operations. I stated that I did not want to talk to him, and that I wanted to terminate this situation. He refused and told me I was'nt going anywhere. This abuse went on for approximatley 8 full minutes.

63. Afterward I reported the situation to my family and sought there help, assistance, and protection yet again.

64. On 2/24/2013 In spite of all my well documented efforts, eye witness accounts, and diligently seeking to address these matters, the retalitory actions persist. Defendant Mann was assigned to the B-Bubble, and as a result had access to the intercom in my room and began verbally harassing me over the speaker, chiding and heckling me.

65. Both myself and others have personally witnessed, experienced and overheard this same DHS Employee making derogatory, threatening and degrading remarks about me which have beem memorialized and documented in grievances, sworn affidavits, and various complaints to those in supervisory authority, notifying them of this aggregious persistant pattern of behavior. Still it has been allowed to continue.

66. The actions of Defendant Mann serve no objective, other than to inflict pain, suffering, and mental anguish, and are well beyond the bounds of professional judgement, just as it is well beyond the bounds of professional judgement for those in positions of supervisory authority to knowingly allow these behaviors and unprofessional acts continue on their watch.

67. As before, this was served/CC'd to Defendant Forrest Ashby, with an official proof of service attached. along with being mailed to The DHS Director as well.

68. I have a right to go to the bathroom and preform my most basic of human needs.

69. The speech or conduct at issue was/is protected.

70. The Defendants took adverse actions against me.

71. There was a casual connection between the protected speech and the adverse action.

72. The source of the Defendants retalitory actions were designed to specifically deter or chill the plaintiff of ordinary firmness in the exercize of his Constitutional rights.

73. At this point I'm actually scared to file another complaint with any State Agencey, Watch Dog Group, or Whistle Blower protective Agency regardless of what happens as the result of how I've been threatened, harrassed, and intimidated by those in charge.

74. Sadly, there are others here that have been " PUNISHED " for writing and corresponding with State Agencies as well, and there are others that are being retaliated against by DHS/LIBERTY Employees for simply writing a letter, making an inquiry, or seeking help and assistance from the community.

75. All of these retalitory events and encounters are directly tied to my exercizing my right to correspond with State Agencies, Watch Dog Groups, and Whistle Blower protective agencies in violation of my First and Fourteenth Ammendment Constitutional Rights.

76. For all the afforementioned reasons the Plaintiff humbly beckons this Honorable Court for assistance.

77. WHEREFORE, The Plaintiff demands substantial, actual, and or compensatory damages from these Defendants named above. Additionally, because these Defendants actions were malicious, willful, and wantonly in disregard for the Plaintiffs Constitutional Rights, Plaintiff demands substantial punitive damages from these defendants as well as any such other relief that this Honorable Court deems equitable and just.

(COUNT I)

FORREST J. ASHBY, PROGRAM DIRECTOR OF THE RUSHVILLE IDHS/TDF
14Th and 1St Ammendment

78. Plaintiff realledges paragraphs 1 through 77.

79. Defendant Ashby is the Program Director of the Rushville IDHS/TDF and as such is fully resposible to both follow and insure those that he supervises are in compliance with all relevant laws, statutes, as well as adhering to professional judgement and insuring his staff adhere to the same.

80. This Defendant failed miserabley in his charge when he deliberately violated the plaintiffs constitutional rights under both the 14th and 1st Ammendments through his swift substantial departure from professional judgement, by turning a blind eye to the retalitory acts of abuse being committed on his watch, and then deliberately interfering with the plaintiffs ability to petition, protest and seek legal redress afterwards.

81. WHEREFORE, Plaintiff demands substantial, or actual compensatory damages from this defendant named in this count. Additionally, because this defendant acted willfully, wantonly, and/or in reckless disregard for the plaintiffs constitutional rights, Plaintiff demands substantial punitive damages from this defendant. Plaintiff also demands cost, fees, interest, past, present, and future, as well as any such other relief that this Honorable Court deems equitable and just.

42 U.S.C. 1983

(COUNT II)

JAMES CHRISTOPHER CLAYTON INTERNAL SECURITY INVESTIGATOR 1
14th and 1st Ammendment

82. Plaintiff realledges paragraphs 1 through 77.

83. This defendant is the investigator of Rushville, and is charged with investigating the malfeasance of employees within the agency.

84. This defendant violated both state and federal law, and misused his position of authority to abuse, coerse, humiliate, intimidate, and threaten the plaintiff, as well as others.

85. This defendants actions took a swift and substantial departure from the exercize of both professional judgement as well as common sense.

86. WHEREFORE, Plaintiff demands sustantial, or actual compensatory damages from this defendant named in this count. Additionally because this defendant acted willfully, wantonly and/or in reckless disregard for plaintiffs constitutional rights Plaintiff demands substantial punitive damages from this defendant. Plaintiff also demands cost, fees, past, present, future, and any such other relief this Honorable Court deems equitable and just.

13.

(COUNT III)

42 U.S.C. 1983 CLAIM

SANDRA SIMPSON LIBERTY GRIEVANCE OFFICER OF THE IDHS/TDF

14th and 1st Ammendment

87. Plaintiff realledges paragraphs 1 through 77.

88. Sandra Simpson was the Grievance Officer, and as such was responsible to comply with all state and federal laws, statutes, and oridinances.

89. This defendant intentionally sought to cover up, shield, and protect those she knew were deliberately committing acts that were in both violation of state law, as well as the constitutional rights of the plaintiff, but willfully chose to turn a blind eye, and became a willing and active participant in the retalitory actions and deprivations complained of herein.

90. This defendant failed miserabley in her charge to adhere to an exercize of professional judgement, and willfully took a substantial departure there from.

91. WHEREFORE, Plaintiff demands substantial, or actual compensatory damages from the defendant named in this count. Additionally, because this defendant acted willfully, wantonly, and or in reckless disregard for the plaintiffs constitutional rights, plaintiff demands substantial punitive damages from this defendant, plaintiff also demands cost, fees, past, present, and future, and any such other relief that this Honorable Court deems equitable and just.

(COUNT IV)

42 U.S.C. 1983 CIVIL RIGHTS

14th and 1st Ammendment .

<u>DEFENDANT PAUL MANN</u>

92.   Plaintiff realledges paragraphs 1 through 77.

93.   Defendant Paul Mann was employeed as a security personel, and as such was responsible to follow and adhere to state and federal laws, as well as adhereing to the Department of Human Services policies, practices, and procedures, along with basic community standards of decency which mark the evolving standards of a maturing society.

94.   The behaviors and actions of this defendant not only brought disgrace upon the profession in which he represents. It presented an eggregious display and substantial departure from the realms of professional judgement when this Department of Human Services Employee made threatening, derogatory, and degrading remarks and was heard by others as referring to me as "A Crippled Fucking Gimp", and then continue seeking to harass, humiliate, and retaliate againt me for filing a complaint afterwards, in connection with his abusive actions.

95.   WHEREFORE, Plaintiff demands substantial, or actual compensatory damages from this defendant named in this count. Additionally, because this defendant acted willfully, wantonly, and/or in reckless disregard for the plaintiffs constitutional rights, plaintiff demands substantial punitive damages from this defendant, plaintiff also demands cost, fees, past, present, and future, as well as any such other relief that this Honorable Court deems both equitable and just.

(COUNT V)

42 U.S.C. 1983 CIVIL RIGHTS CLAIM AGAINST

ALL DEFENDANTS

96. Plaintiff realledges paragraphs 1 through 95.

97. The Defendants named in the above counts,under color of law and seeking to supress the plaintiffs efforts,and otherwise enforce his constitutional rights,to be free from retalitory acts as set forth in this complaint in violation of the plaintiffs Fourteenth Ammendment Rights to due process of law and access to his First Ammendment rights to petition,protest,and be allowed this right without the administrations interference for exercizing it.

98. Said actions directly and proximately caused the First and Fourteenth Ammendment violations as set forth above,as well,as pain,suffering,mental anguish,humiliation,and degredation to the plaintiff.

99. WHEREFORE, plaintiff demands substantial,or actual compensatory damages from these defendants named in this count. Additionally, because these defendants acted willfully,wantonly, and/or in reckless disregard for the plaintiffs constitutional rights Plaintiff demands substantial punitive damages from these defendants. Plaintiff demands cost,fees, past, present,future, and any such other relief this Honorable Court deems equitable and just.

(COUNT VI)

42 U.C.S. 1983 / 1985 CONSPIRACY CLAIM

ALL DEFENDANTS

96. Plaintiff realledges paragraphs 1 through 99.

97. The Defendants named in counts 1 through V above, together and under color of law reached an understanding, engaged in a course of conduct, and otherwise conspired among and between themselves to deprive the plaintiff of his constitutional rights, and did deprive him of said rights, as well as his right to be free to use administrative remedies in accordance with his Fourteenth and First Ammendment Rights to petition and protest.

98. WHEREFORE, the plaintiff demands substantial actual compensatory damages against each of these defendants joined in This count, and because these defendants acted maliciously, and/or in reckless disregard of plaintiffs constitutional rights, punitive damages, and any such other relief this Honorable Court deems equitable and just.

BEFORE ME THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY APPEARED CRAIG A. CHILDRESS WHO AFTER BEING DULY SWORN, ON OATH STATED ALL THE AFFOREMENTIONED.

THIS IS A TRUE AND CORRECT STATEMENT, WHICH DID OCCURR, AND I AM WILLING TO TESTIFY IN THIS HONORABLE U.S. DISTRICT COURT UNDER THE PENALTY OF PERJURY TO ALL THE FACTS CONTAINED HEREIN.

*Craig A. Childress*
1680 E, County Farm Rd.
Rushville, IL. 62681

NOTARY

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 14 DAY OF march 2013.

_____
NOTARY PUBLIC

OFFICIAL SEAL
SANDRA J HAYS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/11/14

17.